BROWN, Administrator, Office of Price Administration, v. HANNUM et al.

No. 238.

District Court, W. D. Texas, El Paso Division.

July 19, 1943.

David Ginsburg, Gen. Counsel, of Washington, D. C., Talbot Smith, Acting Regional Atty., W. B. Harrell, Regional Litigation Atty., Amos J. Coffman, Acting Regional Enforcement Atty., all of Dallas, Tex., Edmund B. Elfers, Area Rent Atty., of El Paso, Tex., Ben F. Foster, U. S.

Atty., of San Antonio, Tex., and R. Neill Walshe, Asst. U. S. Atty., of El Paso, Tex., for plaintiff.

Edward C. Wade, of El Paso, Tex., for defendants.

BOYNTON, District Judge.

The first and controlling question involved in this case depends on finding and decision by the Court as to whether the housing accommodations and units owned by defendant Maude Jones Hannum, here in controversy, be classified and held as apartments or housing accommodations other than hotels and rooming houses, under the wording, language and phraseology of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. and "Maximum Rent Regulation No. 26 For Housing Accommodations Other Than Hotels and Rooming Houses", issued the 30th day of June, 1942, or "Maximum Rent Regulation No. 30A For Hotels And Rooming Houses", recited as issued the 30th day of June, 1942, both to become effective July 1, 1942.

It is conceded in complainant's brief, page 5, "That the primary issue for determination by the Court is the classification of the housing accommodations being rented by defendants. Such classification will determine the applicable Rent Regulation and the obligations of defendants thereunder".

In both Rent Regulations No. 26 (under definitions (12)) and No. 30A (under definitions (14)), the term "Rooming House" is defined as follows: "The term 'rooming house' means, in addition to its customary usage, a building or portion of a building other than a hotel in which a furnished room or rooms not constituting an apartment are rented on a short time basis of daily, weekly or monthly occupancy to more than two paying tenants not members of the landlord's immediate family. The term includes boarding houses, dormitories, auto camps, trailers, residence clubs, tourist homes or cabins, and all other establishments of a similar nature."

Section 2(b) of the Emergency Price Control Act of 1942 provides that the Administrator, whenever in his judgment such action is necessary and proper to effectuate the purposes of the Act, to issue declarations designating defense rental areas and regulations or orders establishing maximum rents for housing accommodations within such areas. Section 2(c) of said Act provides "Any regulation or order under this section may be established in such form and manner, may contain such classifications and differentiations, and may provide for such adjustments and reasonable exceptions, as in the judgment of the Administrator are necessary or proper in order to effectuate the purposes of this Act." Section 2(g) provides that "Regulations, orders and requirements under this Act may contain such provisions as the Administrator deems necessary to prevent the circumvention or evasion thereof." Section 2(b) defines what is included within the term "housing accommodations" but does not otherwise define the classes of accommodations.

As in pursuance of authority vested in him by the aforesaid provisions of the Emergency Price Control Act of 1942, the Administrator, as of date June 30, 1942, issued the two maximum rent regulations, both effective as of July 1, 1942, No. 26 and No. 30A, both as applicable to the El Paso Defense-Rental Area; in which Rental Area is located the housing units here in question, owned by defendant Maude Jones Hannum. It is further conceded in Complainant's Brief, page 7 thereof, that if defendant's said housing units constitute a "rooming house", or rooming house units, they are subject to and should be registered under Maximum Rent Regulation No. 30A. But if they do not constitute a "rooming house", or rooming house units, it is contended by complainant they are subject to and should be registered under Maximum Rent Regulation No. 26.

While such rental regulations are not Acts of Congress it is urged that as they are issued under authority of an Act of Congress same have the force and effect of law; and it is urged on behalf of Complainant that the rules of law applicable to the construction of a legislative enactment are applicable. Citing as in support thereof the case of Thorn v. Browne, 257 F. 519, 523, Eighth Circuit Court of Appeals, opinion by Justice Sanborn, as to rules of statutory construction, as follows:

"When a legislative body selects and uses in a statute words or clauses which before the enactment of the law had acquired by judicial interpretation or common consent and use a well-understood meaning and legal effect, the legal presumption is that it intended that they should have that meaning and effect in the statute it enacts."

■ However, none of the authorities, cases or opinions cited by counsel for complainant seem to pass upon and distinguish between an apartment and rooming house, and define same in such manner as to be controlling on or of aid to the Court in the case at bar; and the question of construction here involved is therefore left one of first impression, construing and giving effect to the term "Rooming House", or unit, as sought to be defined, as to meaning and effect, applied to the language used in "Maximum Rent Regulation No. 30A for Hotels and Rooming Houses" and "Maximum Rent Regulation No. 26 for Housing Accommodations Other Than Hotels and Rooming Houses", of the Administrator, above quoted.

The Court holds the record on trial of this cause shows the housing units owned by defendant Maude Jones Hannum, here involved, were operated for use by transients, furnished room or rooms, not constituting an apartment, rented on a short-time basis, daily, weekly, or monthly occupancy, to more than two paying tenants not members of the landlord's immediate family, adults and children, furnished rooms with bed linens, with kitchenettes, with no central heating plant; and the Court here finds and holds same to be embraced within the purpose, intent and meaning of the language used,—above quoted,—in said Administrator's "Maximum Rent Regulation No. 30A for Hotels and Rooming Houses", (14). Hence Complainant's suit and action herein should be dismissed.

The Court further finds, from the record and testimony heard on trial of the cause, that defendants at all times acted in good faith in an effort to comply with provisions of the Emergency Price Control Act and Regulations issued by the Price Administration. It would appear from the record and testimony that representatives of the Price Administration at El Paso, in the first instance, were only in possession of forms relating to "Maximum Rent Regulation No. 26 For Housing Accommodations Other Than Hotels and Rooming Houses", and none as to form "No. 30A for Hotels and Rooming Houses". Registration was attempted and made by defendant Maude Jones Hannum using form relating to Rent Regulation No. 26, without any knowledge by defendants, and perhaps by Complainant's representatives in El Paso, that there existed or had at that time been issued by the Price Administration, or Administrator, any Rent Regulation No. 30A, and no forms as relating to same "For Hotels and Rooming Houses" then in possession of the Administrator's representatives, or office, in El Paso, Texas.

Since receipt in the El Paso office of Price Administration of forms of application and registration under Rent Regulation No. 30A defendant Maude Jones Hannum has filled out, made and filed registration, shortly after January 18, 1943, in Price Administration office at El Paso, Texas, under Rent Regulations No. 30A for Hotels and Rooming Houses, and made application for readjustment of rent herein, to-wit:

(a) Registration statement on Form DH-1B for hotels, rooming houses, etc., wherein defendant Maude Jones Hannum sets forth a schedule of maximum legal rents for the eighteen housing units at 1326 Wyoming Street, El Paso, Texas, being rented by her.

(b) Landlord's petition for adjustment of rent, with schedule of maximum rent requested, the purpose of said petition being to set forth the winter rate being charged by defendant Maude Jones Hannum, as shown by stipulation entered into and filed in this cause. That said Area Rent Office at El Paso, Texas, prior to the 16th day of February, 1943, and up to date of trial of this cause, has not notified either of defendants whether said documents are in satisfactory form, and has held no hearing upon said application or landlord's petition for adjustment.

■ The Court finds it to be the desire, intention and purpose of defendants to comply with all provisions of the Emergency Price Control Act and Regulations issued by the Price Administration, and that said defendants will not be found violating same in the future, and that there is no evidence tending to show that defendants are likely to violate same in the future; and that there exists no ground or reason to warrant the Court, sitting as a Chancellor in an equity proceeding, to direct issuance of an injunction as prayed for by Complainant herein. Walling v. Shenandoah-Dives Mining Co., 10 Cir., March, 1943, 134 F.2d 395, 397; Walling v. T. Buettner & Co., 7 Cir., Feb. 1943, 133 F.2d 306, 308; United States v. United States Steel Corp., 251 U. S. 417, 445, 40 S.Ct. 293, 64 L.Ed. 343, 8 A.L.R. 1121; Securities and Exchange

700

Commission v. Torr, 2 Cir., 87 F.2d 446; Fleming v. National Bank of Commerce, D. C., 41 F.Supp. 833; Fleming v. Phipps, D. C., 35 F.Supp. 627; Brown v. O'Connor, D. C., 49 F.Supp. 973; Henderson v. J. B. Beaird Corporation, D.C., 48 F.Supp. 252.

Hence decree will be entered herein denying issuance of an injunction as prayed for and dismissing complainant's suit and action. Counsel for defendants may prepare more detailed and specific Findings of Fact and separate Conclusions of Law thereon for submission to the Court for consideration in connection with Findings of Fact and Conclusions of Law to be filed by the Court herein, in accordance with requirements of Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c and submit draft of decree for entry herein in accordance with the Court's announced findings and holdings.